Patrick A. SHAW, Petitioner,

v.

David R. McKUNE, et al., Respondents.

No. 98–3332–DES.

United States District Court,
D. Kansas.

Feb. 10, 2000.

Patrick A. Shaw, Lansing, KS, petitioner pro se.

Jared S. Maag, Office of Attorney General, Topeka, KS, for David R. McKune, respondent.

### MEMORANDUM AND ORDER

SAFFELS, Senior District Judge.

This matter is before the court on petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C § 2254, and the petitioner's Motion for Summary Judgment (Doc. 16). The respondents have filed their Answer and Return and the petitioner has filed a Traverse. The court has reviewed the briefs filed by the parties as well as the state court record in this matter and is now ready to rule. The court finds that the ruling on the petition for writ of habeas corpus renders the motion for summary judgment moot. Therefore, the motion for summary judgment will not be addressed.

### I. FACTUAL BACKGROUND

On February 5, 1993, the petitioner entered a plea of guilty to one count of indecent liberties with a child, a class C felony. The petitioner was sentenced to a term of imprisonment of not less than five years nor more than twenty years. The petitioner has sought to withdraw his guilty plea based upon a alleged reliance on the original version of the Kansas Sentencing Guidelines Act ("KSGA"), Kan. Stat.Ann. § 21–4701, *et. seq.*

When the KSGA was enacted in 1993, it provided relief for a large portion of Kansas inmates who committed crimes prior to its enactment. If an inmate committed a crime which, if committed after the enactment of the new sentencing scheme, would have resulted in a sentence in a presump-

tive probation box of the new sentencing grid, he would be eligible to have his sentence converted to the new, more lenient, sentence provided for under the new act. However, the retroactive provisions of the KSGA did not apply to those inmates who would fall in a presumptive imprisonment box.

Under the initial bill passed by the Kansas legislature in 1992, the petitioner would likely have fallen in a presumptive probation box and, therefore, been eligible for sentence conversion. However, the legislature amended the KSGA in 1993, prior to its enactment, in a way that no longer made the petitioner eligible for conversion. The petitioner claims that (1) he relied on the 1992 version of the KSGA when deciding to enter his guilty plea; (2) the 1993 amendments to the KSGA violated the constitutional prohibition against ex post facto laws; and (3) that his due process rights were violated because the Kansas courts have interpreted the KSGA in such a way as to make the KSGA have the same effect as an ex post facto law.

## II. STANDARD OF REVIEW

A petitioner is entitled to federal habeas corpus relief on claims adjudicated on the merits in a state court proceeding only if he establishes that the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or ... was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." § 28 U.S.C. 2254(d)(1) and (2). These standards, imposed by the 1996 Antiterrorism and Effective Death Penalty Act ("AEDPA"), increase the degree of deference afforded to state court decisions. *Houchin v. Zavaras,* 107 F.3d 1465, 1470 (10th Cir.1997).

The Tenth Circuit has applied these standards without need to define them beyond their precise statutory wording. Likewise, the court finds the present case can be decided without a more exacting interpretation of the statute. Under any of the deferential standards announced by the Circuit Courts, petitioner is not entitled to relief on any of his claims. *See Smallwood v. Gibson,* 191 F.3d 1257, 1265, n. 2 (10th Cir.1999) (declining to adopt a specific interpretation of § 2254(d)(1) where result would not be altered under any of the varying standards and noting that the Supreme Court granted certiorari to review the Fourth Circuit's interpretation of these standards (*See Williams v. Taylor,* — U.S. ——, 119 S.Ct. 1355, 143 L.Ed.2d 516 (1999))).

## III. ANALYSIS

### A. Voluntariness of Guilty Plea

The petitioner's first claim in this petition is that his guilty plea was not voluntary because the state induced him into pleading guilty by impliedly promising him a lesser sentence. The petitioner claims that the only reason he pled guilty was that he believed he would receive a sentence conversion, and thus a lesser sentence, based upon the 1992 version of a house bill which would have enacted the KSGA. However, the KSGA was amended prior to its enactment in 1993 in such a way as to make the petitioner's sentence not eligible for conversion. The petitioner claims that the 1992 version of the KSGA was "part of the plea agreement" and that he would not have entered the plea agreement had he known that he would not be eligible for conversion.

A federal court may not set aside a state court guilty plea unless the court can conclude that the plea failed to satisfy due process. *Miles v. Dorsey,* 61 F.3d 1459 (10th Cir.1995). In order to comply with due process guarantees, the petitioner must have voluntarily and intelligently entered his guilty plea. *Boykin v. Alabama,* 395 U.S. 238, 242, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). A defendant's subjective understanding that he will serve less than his full sentence, **if it is not based upon any promise made by the defense attorney, the prosecutor, or court,** will not undermine the constitution-

ality of the plea. *Cunningham v. Diesslin,* 92 F.3d 1054, 1060 (10th Cir.1996) (emphasis added). The defendant's belief must be based upon some additional factor, such as coercion or material misrepresentation by the prosecutor. Moreover, this understanding, from whatever source, must have affected the defendant's decision with respect to the plea. *Id.* at 1061. The petitioner has the burden of proving the additional factor. *United States v. Williams,* 919 F.2d 1451, 1456 (10th Cir. 1990).

■ The court finds no basis for relief on this claim. The petitioner has produced no evidence that any promises were made by the defense attorney, the prosecutor or the court. In fact, at the time petitioner entered his guilty plea, he specifically told the trial court that he had not been made any additional promises by anyone other than those promises outlined in the plea agreement. The petitioner's claimed reliance on a "promise" made by the state, through the legislature, which was based upon a law which was not even in effect at the time of the guilty plea is insufficient for the court to find that his plea was involuntary. The petitioner's potential sentence was outlined by the court very clearly at the time he entered his guilty plea and the defendant received the sentence promised to him by his defense counsel, the prosecutor and the court. In addition, the court finds that the petitioner has failed to meet his burden of proving that he relied on the then unenacted KSGA when deciding to enter his guilty plea, as required by *Cunningham v. Diesslin. See Cunningham,* 92 F.3d at 1061.

The petitioner has failed to show that his guilty plea was involuntary or violated due process. Therefore, the petition will be denied as it relates to this issue.

### B. Ex Post Facto Laws

■ The petitioner claims that the 1993 amendments to the KSGA constitute ex post facto laws because they cause him to serve a longer sentence than he would have served had they not been passed. An ex post facto law is "any law which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed." *Raymer v. Enright,* 113 F.3d 172, 174 (10th Cir.1997) (quoting *Weaver v. Graham,* 450 U.S. 24, 28, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981)). The court finds that the petitioner's claim has no merit.

■ The petitioner was sentenced to a term of imprisonment of five to twenty years. The petitioner does not challenge the legality of that sentence based upon the law which existed at the time of his criminal conduct, conviction and sentencing. The passage of the KSGA, including the amendments which were made in 1993 before the passage of the act, did nothing to enhance the defendant's sentence. The fact remains that he is still serving the sentence of five to twenty years originally handed down. The failure of the Kansas legislature to include the petitioner in the group of inmates who received the benefits of the KSGA does not violate the prohibition against ex post facto laws.

The court also finds that the petitioner is not entitled to relief on this claim for another reason. The KSGA did not go into effect until July 1, 1993. 1992 Kan. Sess.Laws Ch. 239, § 304. The petitioner's apparent complaint deals with the fact that the Kansas legislature amended the KSGA in 1993 prior to its enactment. The prohibition against ex post facto laws is not violated when a state legislature amends laws to include harsher punishments before the law is enacted. The petitioner's claims lacks any merit and will be denied.

### C. Petitioner's Third Claim

The petitioner also claims that his due process rights have been violated when "unforeseeable, un-lenient, reading of criminal law increases punishment exactly like an Ex Post Facto law." As stated above, the petitioner's failure to reap the benefits of the KSGA does not create an ex post facto problem. Similarly, it does

not violate his due process rights. He is serving the sentence he was given under the laws which were in place at the time of his criminal activity, conviction and sentence. His claim that his due process rights has been violated is unfounded.

## IV. CONCLUSION

The petitioner has not brought forth any claim which would entitle him to relief in this case. The petitioner pled guilty to a crime without any undue influence from his attorney, the prosecutor or the court. His alleged reliance on the fact that he believed that he would receive a lesser sentence once the KSGA went into effect is no basis for overturning his conviction. In addition, the Kansas courts have not read the provisions of the KSGA in such a way as to violate any of the petitioner's federal rights. Therefore, no relief is available under 28 U.S.C § 2254.

**IT IS THEREFORE BY THIS COURT ORDERED** that the petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C § 2254 is denied.